(63 Misc. Rep. 360.)

PEOPLE ex rel. HOLAHAN v. BUTLER, Tenement-House Com'r.

(Supreme Court, Special Term, New York County. May, 1909.)

1. MUNICIPAL CORPORATIONS (§ 192*)—REMOVAL OF INSPECTOR—RIGHT TO HEARING.

Though absence of an inspector in the tenement-house department of the city of New York without leave, for two days, is a violation of the rules of the department and ground for removal, yet, where the inspector is a veteran of the Spanish War, he is entitled to a hearing under Civil Service Law (Cummings & G. Gen. Laws, p. 761), § 21.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 530; Dec. Dig. § 192.*]

2. MUNICIPAL CORPORATIONS (§ 192*)—TENEMENT-HOUSE DEPARTMENT—SICKNESS OF EMPLOYÉ.

A rule of the tenement-house department of the city of New York that, in case an employé is sick, written notice must be sent at once to the department and a doctor's certificate furnished, does not require the certificate to be furnished at once, and when notice is given at once, and the certificate filed in three days, it is in time.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 532; Dec. Dig. § 192.*]

Application by the People, on relation of one Holahan, for writ of mandamus to Edmund J. Butler, Tenement-House Commissioner. Writ granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. W. Francis, for relator.
Francis K. Pendleton, Corp. Counsel, for defendant.

HENDRICK, J. This is an application for a mandamus compelling the tenement-house commissioner of the city of New York to restore the relator to the position of inspector in the tenement-house department of said city. The relator was appointed inspector on the 20th day of May, 1902, and performed his duty until April 20, 1906. On said date and on the following day, April 21st, he was, without leave, absent from duty and attending to his own private affairs. On the next day, April 22d (which was Sunday), he was taken ill and was told by his doctor, whom he consulted by telephone, to remain at home. That night he wrote, and caused to be mailed, a letter to the department, giving notice of his illness. He was unable by reason of his illness to resume work before April 27th, on which day he reported for duty. On, or prior to, said April 27th, the relator's doctor had written out a certificate of relator's illness. This certificate was mailed, together with a letter from the relator, and was received by the department on April 27th, at 11:30 a. m.

It is conceded in respondent's brief that, if the relator subsequently showed that he was ill, his absence without leave would be excused; but it is contended that the doctor's certificate must, as a condition precedent thereto, and in every case, be furnished at once, upon the beginning of the illness and before the five days have expired. As a matter of fact, the certificate was mailed, although not received by the department, before the expiration of the five days. The return sets up the rule of the Civil Service Commission:

"Absence without leave for a period of five days, unless it is substantially shown that such absence was unavoidable, shall be construed as a resignation."

The rule of the department provides:

"While in the service of the tenement house department, no employé shall make use or apply any portion of the time he may be required to devote to the service of the city otherwise than to the performance of his official duties," etc.

Another rule provides:

"Leave of absence will be granted to employés of this department only by permission of the commissioner, or deputy commissioner. Application for leave of absence must be made in advance and through the employé's immediate superior. In case of sickness notice must be sent at once to this department in writing and a doctor's certificate must be furnished to the effect that the employé is physically unable to perform his duties."

The relator invokes the protection of section 21 of the civil service law (Cummings & G. Gen. Laws, p. 761), by reason of the fact that he is a veteran of the Spanish War.

This being the state of the law and of the facts, I am of the opinion that the relator must be reinstated. His absence for the first two days without leave may have been a ground for his removal by the commissioner. If so, he was at least entitled to a hearing upon charges properly preferred. His absence during the three following days was fairly accounted for by the proof of his illness, and it is "substantially

shown that such absence was unavoidable." The respondent's contention that the doctor's certificate must be furnished "when the patient first consults a physician" is untenable. The rule invoked provides:

"In case of sickness notice must be sent at once to this department in writing and a doctor's certificate must be furnished to the effect that the employé is physically unable to perform his duties."

This rule contemplates an immediate notice of illness and a furnishing of a certificate within a reasonable time. The certificate was mailed within three days after the beginning of the illness, and I think that was timely within the spirit of the rule. The relator's absence was of two kinds: First, absence for two days without leave and for the purpose of attending to his private affairs; and, second, absence for three days by reason of illness. For this latter absence he has fairly accounted. For the former no charges were preferred against him, and, if there had been, he would have been entitled to a hearing before the commissioner.

It follows that his absence is not such as is contemplated by the rule of the Civil Service Commission, which provides that absence for the period of five days, unless it be substantially shown that such absence was unavoidable, shall be construed as a resignation.

Ordered accordingly.